# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1254V

|  |  |
|---|---|
| STEPHANIE E. SITTON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2025 |

*Kelly Elizabeth Elder*, Martin & Jones, PLLC, Raleigh, NC, *for Petitioner.*

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, *for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 7, 2022, Stephanie Sitton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on September 28, 2020. Petition, ECF No. 1. On August 7, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,794.16 ($17,604.20 in fees, plus $1,189.96 in costs). Petitioner's Application for Fees and Costs ("Motion") filed November 7, 2024, ECF No. 43. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 43 at 150-151.

Respondent reacted to the motion on November 8, 2024, reporting that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 44. Petitioner filed a reply reiterating the request for fees and costs as indicated in the Motion. ECF No. 45.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I apply the following hourly rates for work performed by attorney Kelly E. Elder: $260.00 for time billed in 2022; $315.00 for time billed in 2023; and $345.00 for time billed in 2024. Petitioner has also requested that I apply the hourly rate of $470.00 for 2022 work performed by attorney Carrie Guest, and the rate of $490.00 for 2022 work performed by attorney Forest Horne. Additionally, Petitioner requests rates between $153.00 - $185.00 for paralegal work performed in the 2022-24 period. ECF No. 43-1. I find the paralegal rates requested herein to be reasonable and shall be awarded, but make the following determinations regarding rates requested for the identified attorneys.

Ms. Elder was admitted to the District of Columbia bar in 2019 and admitted to this Court in 2020 (ECF No. 43-1), placing her in the rage of attorneys with less than four years' experience for her time billed in 2022, and in the range of attorneys with 4-7 years' experience for her time billed in the 2023-24 period, based on the OSM Attorneys' Fee Schedules.[3] Ms. Elder also has represented in her affidavit that she was a student-attorney in the George Washington Law Vaccine Injury Clinic in 2017, and in 2019 worked as a law clerk for this Court supporting the Hon. Marian Horn with review of Vaccine Program appeals. ECF No. 43-1 at 1-2. I find Ms. Elder's proposed rates to be reasonable and within the appropriate Fee Schedule ranges, and will therefore apply them.

Ms. Carrie Guest was admitted to the Texas bar in 1991 and admitted to this Court in 2020 (ECF No. 43-1 at 5), placing her in the Fee Schedule range of attorneys with 31 years' experience for time billed in 2022. Her proposed rate is reasonable and in the appropriate Fee Schedule range, and shall be applied.

Mr. Forest Horne was admitted to practice law in 1989. I find his proposed hourly rate of $490.00 to be reasonable in this case but it does not appear that Mr. Horne is admitted to this Court. However, since Mr. Horne billed only 1.00 hour for the initial meeting with Petitioner (and hence his time on this matter seemed best characterized as fees for referral), I find no reason to reduce his time. But Mr. Horne should note for future reference that time billed by a non-admitted attorney, incurred in specific preparation for

---

[3] The Attorneys' Fee Schedules are available at http://www.cofc.uscourts.gov/node/2914.

the claim's filing or after the Petition is filed, will only be compensated at non-attorney rates. An attorney who is not admitted to practice before this Court, is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

### B. Paralegal Tasks Billed at Attorney's Rate

After reviewing the billing records submitted with Petitioner's request, I find that a few of the tasks performed by Ms. Elder in this matter would be properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $49.80.**[5]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 43 at 107-151. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$18,744.36 (representing $17,554.40 in fees, plus $1,189.96 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[4] Entries considered paralegal in nature include date stamping documents, calendaring deadlines, drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, cover sheet, joint notices not to seek review, and filing Petitioner or medical records. See billing entries dated: 9/7/22; 9/19/22 (two entries); 9/20/22. ECF No. 43-3.

[5] This amount is calculated as follows: ($260.00 - $177.00 = $83.00 x 0.60 hrs.) = $49.80.

4

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.